JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
**BARRON & PRUITT, LLP**
3890 West Ann Road
North Las Vegas, NV 89031
Telephone: (702) 870-3940
Facsimile:  (702) 870-3950
Email: jsliker@lvnvlaw.com
*Attorneys for Southwest Airlines*
*Co. Welfare Benefit Plan, incorrectly*
*named as Southwest Airlines Co.*
*Funded Welfare Benefit Plan*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

*****

| | |
|---|---|
| G. DALLAS NORTON & ASSOCIATES,<br><br>Plaintiff,<br><br>vs.<br><br>CYNTHIA HARRIS, an individual, LINCOLN FINANCIAL GROUP, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, CIGNA GROUP INSURANCE, LIFE INSURANCE COMPANY OF NORTH AMERICA, SOUTHWEST AIRLINES CO. FUNDED WELFARE BENEFIT PLAN, AMERICAN MEDICAL RESPONSE, FREMONT EMERGENCY SERVICES, RADIOLOGY ASSOCIATES OF NEVADA, ST. ROSE DOMINICAN – SAN MARTIN CAMPUS, ALIGN CHIROPRACTIC CENTENNIAL GROUP, ANTHEM CHIROPRACTIC, SELECT PHYSICAL THERAPY, PERSONAL PRIMARY CARE, P.C., LAS VEGAS RADIOLOGY, MEDICAL FUNDING RESOURCES,<br><br>Defendants. | Case No.:   2:15-cv-01693-JCM-NJK<br><br>**DEFENDANT SOUTHWEST AIRLINES CO. WELFARE BENEFIT PLAN'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant, SOUTHWEST AIRLINES CO. WELFARE BENEFIT PLAN ("Plan"), incorrectly named as Southwest Airlines Co. Funded Welfare Benefit Plan, by and through their attorney, JOSHUA A. SLIKER, ESQ., of the law firm of BARRON & PRUITT, LLP, hereby answers Plaintiff's Amended Complaint in Interpleader as follows:

1. Upon information and belief, the Plan admits the allegations contained in Paragraph 1 of the Amended Complaint.

2.	With respect to the allegations in Paragraph 2 of the Amended Complaint, the Plan admits only that Cynthia Harris ("Harris") was a covered person under the Plan, which is self-funded and covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), and that, to date, the Plan has paid benefits in the amount of at least $9,124.56 on behalf of Harris for injuries related to a personal injury accident that occurred on or about August 22, 2014 ("Accident"). The Plan has a first priority right of subrogation and reimbursement to the extent of benefits paid, regardless of whether Harris is made-whole by any recovery and notwithstanding attorney's fees. See Exhibit A, Plan language, and Exhibit B, itemization of benefits paid, attached hereto respectively. The Plan is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Amended Complaint, and therefore, denies these allegations.

3.	The Plan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint, and therefore, denies these allegations.

4.	The Plan admits the allegations in Paragraph 4 of the Amended Complaint.

5.	Upon information and belief, the Plan admits the allegations contained in Paragraph 5 of the Amended Complaint.

6.	The Plan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Complaint, and therefore, denies these allegations.

7.	With respect to the allegations in Paragraph 7 of the Amended Complaint, the Plan admits only that Harris was a covered person under the Plan, which is self-funded and covered by ERISA, and that, to date, the Plan has paid benefits in the amount of at least $9,124.56 on behalf of Harris for injuries related to the Accident. The Plan has a first priority right of subrogation and reimbursement to the extent of benefits paid, regardless of whether Harris is made-whole by any recovery and notwithstanding attorney's fees. See Exhibit A, Plan language, and Exhibit B, itemization of benefits paid, attached hereto respectively.  The Plan further avers that any state laws that any other parties to this action, or their attorneys, may rely upon to attempt to impede the Plan's right of subrogation and reimbursement are preempted by ERISA. The Plan is without sufficient

knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Amended Complaint, and therefore, denies these allegations.

    8.     With respect to the allegations in Paragraph 8 of the Amended Complaint, the Plan admits only that Harris was a covered person under the Plan, which is self-funded and covered by ERISA, and that, to date, the Plan has paid benefits in the amount of at least $9,124.56 on behalf of Harris for injuries related to the Accident. The Plan has a first priority right of subrogation and reimbursement to the extent of benefits paid, regardless of whether Harris is made-whole by any recovery and notwithstanding attorney's fees. See Exhibit A, Plan language, and Exhibit B, itemization of benefits paid, attached hereto respectively. The Plan further avers that any state laws that any other parties to this action, or their attorneys, may rely upon to attempt to impede the Plan's right of subrogation and reimbursement are preempted by ERISA. The Plan is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Amended Complaint, and therefore, denies these allegations.

    9.     With respect to the allegations in Paragraph 9 of the Amended Complaint, the Plan admits only that Harris was a covered person under the Plan, which is self-funded and covered by ERISA, and that, to date, the Plan has paid benefits in the amount of at least $9,124.56 on behalf of Harris for injuries related to the Accident. The Plan has a first priority right of subrogation and reimbursement to the extent of benefits paid, regardless of whether Harris is made-whole by any recovery and notwithstanding attorney's fees. See Exhibit A, Plan language, and Exhibit B, itemization of benefits paid, attached hereto respectively.  The Plan further avers that any state laws that any other parties to this action, or their attorneys, may rely upon to attempt to impede the Plan's right of subrogation and reimbursement are preempted by ERISA. The Plan is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Amended Complaint, and therefore, denies these allegations.

    10.    With respect to the allegations in Paragraph 10 of the Amended Complaint, the Plan admits only that Harris was a covered person under the Plan, which is self-funded and covered by ERISA, and that, to date, the Plan has paid benefits in the amount of at least $9,124.56 on behalf of Harris for injuries related to the Accident. The Plan has a first priority right of subrogation and reimbursement to the extent of benefits paid, regardless of whether Harris is made-whole by any

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

recovery and notwithstanding attorney's fees. See Exhibit A, Plan language, and Exhibit B, itemization of benefits paid, attached hereto respectively. The Plan further avers that any state laws that any other parties to this action, or their attorneys, may rely upon to attempt to impede the Plan's right of subrogation and reimbursement are preempted by ERISA. The Plan is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Amended Complaint, and therefore, denies these allegations.

11.  With respect to the allegations in Paragraph 11 of the Amended Complaint, the Plan admits only that Harris was a covered person under the Plan, which is self-funded and covered by ERISA, and that, to date, the Plan has paid benefits in the amount of at least $9,124.56 on behalf of Harris for injuries related to the Accident. The Plan has a first priority right of subrogation and reimbursement to the extent of benefits paid, regardless of whether Harris is made-whole by any recovery and notwithstanding attorney's fees. See Exhibit A, Plan language, and Exhibit B, itemization of benefits paid, attached hereto respectively. The Plan further avers that any state laws that any other parties to this action, or their attorneys, may rely upon to attempt to impede the Plan's right of subrogation and reimbursement are preempted by ERISA. The Plan is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Amended Complaint, and therefore, denies these allegations.

12.  With respect to the allegations in Paragraph 12 of the Amended Complaint, the Plan admits only that Harris was a covered person under the Plan, which is self-funded and covered by ERISA, and that, to date, the Plan has paid benefits in the amount of at least $9,124.56 on behalf of Harris for injuries related to the Accident. The Plan has a first priority right of subrogation and reimbursement to the extent of benefits paid, regardless of whether Harris is made-whole by any recovery and notwithstanding attorney's fees. See Exhibit A, Plan language, and Exhibit B, itemization of benefits paid, attached hereto respectively. The Plan further avers that any state laws that any other parties to this action, or their attorneys, may rely upon to attempt to impede the Plan's right of subrogation and reimbursement are preempted by ERISA. The Plan is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Amended Complaint, and therefore, denies these allegations.

13.  The Plan is without sufficient knowledge or information to form a belief as to the

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

truth of the remaining allegations contained in Paragraph 13 of the Amended Complaint, and therefore, denies these allegations.

14. With regard to the unnumbered paragraph following Paragraph 13 of the Amended Complaint, beginning with "WHEREFORE," and all sub-parts, the Plan does not believe these paragraphs require an answer, but to the extent an answer is required, the Plan avers that Harris was a covered person under the Plan, which is self-funded and covered by ERISA, and that, to date, the Plan has paid benefits in the amount of at least $9,124.56 on behalf of Harris for injuries related to the Accident. The Plan has a first priority right of subrogation and reimbursement to the extent of benefits paid, regardless of whether Harris is made-whole by any recovery and notwithstanding attorney's fees. See Exhibit A, Plan language, and Exhibit B, itemization of benefits paid, attached hereto respectively. The Plan further avers that any state laws that any other parties to this action, or their attorneys, may rely upon to attempt to impede the Plan's right of subrogation and reimbursement are preempted by ERISA. To the extent there are any remaining allegations in the unnumbered Paragraph following Paragraph 13 of the Amended Complaint, the Plan denies them.

15. Any allegations contained in the Amended Complaint which have not been admitted, modified or denied are hereby denied as if separately and specifically denied.

## AFFIRMATIVE DEFENSES

1. The Plan avers that Harris was a covered person under the Plan, which is self-funded and covered by ERISA, and that, to date, the Plan has paid benefits in the amount of at least $9,124.56 on behalf of Harris for injuries related to the Accident. The Plan has a first priority right of subrogation and reimbursement to the extent of benefits paid, regardless of whether Harris is made-whole by any recovery and notwithstanding attorney's fees. See Exhibit A, Plan language, and Exhibit B, itemization of benefits paid, attached hereto respectively.

2. The Plan avers that any state laws that the other parties to this action, or their attorneys, may rely upon to attempt to defeat the Plan's right of subrogation and reimbursement are preempted by ERISA.

3. The Plan reserves the right to assert further affirmative defenses as they become evident through investigation or discovery.

**WHEREFORE,** the Plan prays that the Court award it full reimbursement to the extent of benefits paid on behalf of Cynthia Harris.

DATED this 28th day of September, 2015.

BARRON & PRUITT, LLP

/s/ Joshua A. Sliker
_____
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
3890 West Ann Road
North Las Vegas, Nevada 89031
*Attorneys for Southwest Airlines Co.*
*Welfare Benefit Plan, incorrectly named*
*as Southwest Airlines Co. Funded Welfare*
*Benefit Plan*

585.65

6

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of September, 2015, I served the foregoing **DEFENDANT SOUTHWEST AIRLINES CO. WELFARE BENEFIT PLAN'S ANSWER AND AFFIRMATIVE DEFENSES** as follows:

☒ US MAIL: by placing the document(s) listed above in a sealed envelope, postage prepaid, in the United States Mail at Las Vegas, Nevada, addressed to Cynthia Harris only.

☐ BY FAX: by transmitting the document(s) listed above via facsimile transmission to the fax number(s) set forth below.

☐ BY HAND-DELIVERY: by hand-delivering the document(s) listed above to the address(es) set forth below.

☐ BY EMAIL: by emailing the document(s) listed above to the email address(es) set forth below.

☒ BY ELECTRONIC SERVICE: by electronically serving the document(s) listed above with the U.S. District Court's CM/ECF system upon the following:

G. Dallas Horton, Esq.
David L. Thomas, Esq.
Christian Z. Smith, Esq.
G. DALLAS HORTON & ASSOCIATES
4435 South Eastern Avenue
Las Vegas, Nevada 89119
Fax: 702-385-3101
Email: davidthomas@gdallashorton.com
*Attorneys for Plaintiff*

Anthony B. Golden, Esq.
Puneet K. Garg, Esq.
GARG GOLDEN LAW FIRM
8880 W. Sunset Road #275
Las Vegas, Nevada 89148
Fax: (702) 850-0204
Email: agolden@garggolden.com
Email: pgarg@garggolden.com
*Attorneys for Anthem Chiropractic*

Ingrid Patin, Esq.
PATIN LAW GROUP, PLLC
7925 W. Russell Road, No. 401714
Las Vegas, Nevada 89140
Fax: 702-728-2782
Email: ingrid@patinlaw.com
*Attorney for Defendant Align Chiropractic*

Cynthia Harris
10245 S. Maryland Parkway #238
Las Vegas, Nevada 89183
*Defendant Pro Se*
**Via mail only**

/s/  Jill L. Williams
_____
An Employee of BARRON & PRUITT, LLP

**BARRON & PRUITT, LLP**
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

585.65

8