G. DALLAS HORTON & ASSOCIATES
G. DALLAS HORTON, ESQ.
Nevada Bar No.  5996
DAVID L. THOMAS, ESQ.
Nevada Bar No. 3172
CHRISTIAN Z. SMITH, ESQ.
Nevada Bar No. 8266
4435 South Eastern Avenue
Las Vegas, Nevada 89119
(702) 380-3100
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| G. DALLAS HORTON & ASSOCIATES, a Nevada Corporation; | CASE NO.    2:15-cv-01693-JCM-GWF |
| Plaintiff, | **PLAINTIFF'S MOTION TO DISTRIBUTE FUNDS PURSUANT TO FRCP 22** |
| v. | |
| CYNTHIA HARRIS, an individual, LINCOLN FINANCIAL GROUP; THE LINCOLN NATIONAL LIFE INSURANCE COMPANY; CIGNA GROUP INSURANCE; LIFE INSURANCE COMPANY OF NORTH AMERICA; BENEFIT RECOVERY, INC.; UNITED HEALTHCARE OF NEVADA INCOPORATED; AMERICAN MEDICAL RESPONSE; FREMONT EMERGENCY SERVICES; RADIOLOGY ASSOCIATES OF NEVADA; ST. ROSE DOMINICAN – SAN MARTIN CAMPUS; ALIGN CHIROPRACTIC CENTENNIAL GROUP; ANTHEM CHIROPRACTIC; SELECT PHYSICAL THERAPY; PERSONAL PRIMARY CARE, P.C. LAS VEGAS RADIOLOGY; MEDICAL FUNDING RESOURCES; . . . . . . | |

1   ADVANCED ORTHOPEDICS & SPORTS     )
    MEDICINE;                          )
2   ADVANCED PAIN CONSULTANTS;         )
    DOE I-V, inclusive; and ROE I-V, inclusive,  )
3                                      )
                                       )
4             Defendants.              )

## PLAINTIFF'S MOTION TO DISTRIBUTE FUNDS PURSUANT TO FRCP 22

COMES NOW, Plaintiff, by and through it's attorney, DAVID L. THOMAS, ESQ., of

the law firm G. DALLAS HORTON & ASSOCIATES and files this Motion for Distribution

pursuant to FRCP 22.

This motion is made and based upon this Motion, the attached points and authorities and

all pleadings on file herein.

DATED this 22nd day of January, 2016.

                            G. DALLAS HORTON & ASSOCIATES


                            _____
                            G. DALLAS HORTON, ESQ.
                            Nevada Bar No.  5996
                            DAVID L. THOMAS, ESQ.
                            Nevada Bar No. 3172
                            CHRISTIAN Z. SMITH, ESQ.
                            Nevada Bar No. 8266
                            4435 South Eastern Avenue
                            Las Vegas, Nevada 89119
                            *Attorneys for Plaintiff*

## INTRODUCTION

**A.   FACTS**

On August 22, 2014, CYNTHIA HARRIS (hereinafter "HARRIS") was injured in an

automobile accident involving Richard G. Melick.  Both parties alleged that the other party ran a

stop sign causing a collision.

Both parties alleged that the other party was negligent.

HARRIS alleged $43,983.75 in medical special damages as a result of the subject accident.

**B.   INSURANCE COVERAGE**

At the time of the accident, Mr. Melick held a $15,000.00 liability insurance policy with National General Insurance ("National General").  At the same time, HARRIS held a liability and underinsured motorist coverage in the amount of $20,000.00 with GEICO Casualty Company ("GEICO").

HARRIS also carried a short-term disability insurance policy with Lincoln Financial Group; and a long-term disability policy with CIGNA Group Insurance.

**C.   CLAIMHOLDERS' LIST**

The following is a list of the claimholders on HARRIS underlying claim against Mr. Melick and the underinsured policy; including the amount of their claims:

| | |
|---|---|
| Benefit Recovery (health insurance lien) | $ 9,124.56 |
| Align Chiropractic | 7,424.10 |
| Anthem Chiropractic | 2,045.85 |
| Las Vegas Radiology | 40.00 |
| Medical Funding Resources | 1,650.00 |
| Rashid Bashir, M.D. | 2,211.00 |
| Advanced Orthopedics & Sports | 350.00 |
| Select Physical Therapy | 1,618.00 |
| Lincoln Financial (short term disability lien) | 11,843.00 |
| G. Dallas Horton & Associates (costs) | 619.25 |
| G. Dallas Horton & Associates (attorney's fees) | 12,666.66 |
| | $49,592.42 |

**D.   INTERPLEADER PLAINTIFF'S SETTLEMENT OF UNDERLYNG ACTION**

On January 19, 2015, HARRIS retained the Interpleader Plaintiff to represent her for injuries arising out of the accident.  Please see the Attorney Retainer Agreement attached as Exhibit 1.

On February 4, 2015, the Interpleader Plaintiff demanded National General's $15,000.00 and GEICO'S $20,000.00 in policy limits.  On February 17, 2015, National General tendered its policy limits.  On February 18, 2015, GEICO tendered its policy limits.

From the time of the above tenders until approximately April 17, 2015, the Interpleader Plaintiff negotiated with the claimholders that HARRIS had informed it of on how to divide the $35,000.00 amongst HARRIS, the Interpleader Plaintiff and the claim holders.  On April 17,

2015, HARRIS agreed to accept both tenders based on the agreements that the Interpleader Plaintiff had made with the claim holders.

However, after agreeing to the distribution, HARRIS informed the Interpleader Plaintiff for the first time that she had received $11,843.00 in short-term disability benefits from Lincoln Financial Group. HARRIS still wanted to accept National General's and GEICO'S policy limits offers even after the Interpleader Plaintiff told HARRIS that we would have to consider the $11,843.00 disability payments in any distribution of the $35,000.00[1].

**E.     NEED FOR INTERPLEADER**

Though initially agreeing to include Lincoln Financial in the distribution of the $35,000.00; HARRIS eventually changed her mind and refused to permit the Interpleader Plaintiff to pay Lincoln Financial anything out of the $35,000.00 settlement fund. With HARRIS'S change of heart, other claim holders have decided that they also no longer want to honor agreements that they have made with the Interpleader Plaintiff for distribution of the $35,000.00.

**II.**
**POINTS AND AUTHORITIES**

**A.     FRCP 22**

FRCP 22 states that "[P]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead". Here, the Interpleader Plaintiff is subject to multiple liability because the Interpleader Defendants do not agree on how to distribute the $35,000.00. FRCP 22 is thus an appropriate device to distribute the funds.

**B.     *MICHEL* PRIORITIZES THE INTERPLEADER PLAINTIFF'S LIEN**

The Interpleader Plaintiff has perfected its lien. Exhibit 3. *Michel v. Eighth Judicial Dist. Court ex rel. County of Clark*, 117 Nev. 145, 150-51, 17 P.3d 1003, 2007 (Nev., 2001) is the seminal Nevada decision on how to distribute competing claims on a settlement fund created by the work of an attorney resulting in an attorney lien. Initially, *Michel* held that "when an attorney holds funds in trust for the client and two or more parties claim interest in the funds, an interpleader action is an appropriate procedure for determining the respective rights of those interested." *Id.* Just as importantly, the *Michel* Court went on to find that perfected attorney liens

---

[1] All of the documents showing the agreements HARRIS made are privileged, but can be produced if HARRIS disputes making the agreements.

have priority over other liens (such as medical provider liens) and that "attorney liens are not subject to distribution on a pro rata basis." *Id.,*

Per *Michel*, the Interpleader Plaintiff is entitled to be paid its entire fees and costs before the other claim holders.

### III.
### CONCLUSION

Based on the Attorney Retainer Agreement, the Interpleader Plaintiff is entitled to a contingency fee (¶ 2) along with costs (¶ 3). Ex. 1, p.1. The Interpleader Plaintiff had already received the $20,000.00 GEICO check at the time that HARRIS changed her mind about including Lincoln Financial in the distribution of the $35,000.00. As such, the Interpleader is only requesting a $33 1/3 % contingency fee on that amount, or $6,666.66.

The Interpleader Plaintiff had not received the National General $15,000.00 check before HARRIS forced it to file the present action. As such, the Interpleader is asking for a 40% contingency fee on that amount, or $6,000.00.

The Interpleader Plaintiff's costs are $619.25. Please see the Interpleader Plaintiff's Cost Sheet attached as Exhibit 2.

Adding the all of the amounts together, the Interpleader Plaintiff is respectfully requesting that the Court order that the Interpleader Plaintiff receive a total of $13,285.91.

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

If the Court agrees and distributes $13,285.91 of the $35,000.00 in available funds to the Interpleader Plaintiff; there would still remain $21,714.09 remaining for distribution to the Interpleader Defendants who have appeared in this action.

DATED this 22nd day of January, 2016.

G. DALLAS HORTON & ASSOCIATES



_____

G. DALLAS HORTON, ESQ.
Nevada Bar No. 5996
DAVID L. THOMAS, ESQ.
Nevada Bar No. 3172
CHRISTIAN Z. SMITH, ESQ.
Nevada Bar No. 8266
4435 South Eastern Avenue
Las Vegas, Nevada  89119
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document entitled **PLAINTIFF'S MOTION TO DISTRIBUTE FUNDS PURSUANT TO FRCP 22** has been served upon all counsel of record by using the United States District Court, District of Nevada's Case Management/Electronic Case Filing System that will electronically mail notification to the following counsel of record:

Ingrid Patin, Esq.
PATIN LAW GROUP, PLLC
7925 W. Russell Road, No. 401714
Las Vegas, Nevada  89140
Attorneys for Defendant,
*ALIGN CHIROPRACTIC*

Puneet K. Garg, Esq.
GARG GOLDEN LAW FIRM
8880 W. Sunset Road, Suite #275
Las Vegas, Nevada  89148
Attorneys for Defendant,
*ANTHEM CHIROPRACTIC*

Joshua A. Sliker, Esq.
BARRON & PRUITT, LLP
3890 West Ann Road
North Las Vegas, Nevada  89031
Attorneys for Defendant,
*THE SOUTHWEST AIRLINES CO.*
*WELFARE BENEFIT PLAN, incorrectly named*
*as SOUTHWEST AIRLINES CO.*
*FUNDED WELFARE BENEFIT PLAN*;

Sarah A. Morris, Esq.
Brian A. Morris, Esq.
MORRIS & MORRIS
6085 W. Twain Ave., Suite 201
Las Vegas, Nevada  89103
Attorneys for Defendant,
*MEDICAL FUNDING RESOURCES*

and by placing a true and correct copy of same into a sealed envelope and into the regular U.S. Mail, first class postage prepaid thereon, and addressed to the following at the address listed below:

Cynthia Harris
10245 S. Maryland Parkway, #238
Las Vegas, Nevada 89183
*Defendant Pro Se*

Dated this 22nd day of January, 2016.

_____
An employee of G. DALLAS HORTON & ASSOCIATES