UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| G. DALLAS HOTRON & ASSOCIATES,<br><br>                             Plaintiff(s),<br><br>      v.<br><br>CYNTHIA HARRIS, et al.,<br><br>                             Defendant(s). | Case No. 2:15-CV-1693 JCM (GWF)<br><br>ORDER |

Interpleader plaintiff G. Dallas Horton and Associates ("interpleader plaintiff") filed a motion to distribute funds pursuant to Federal Rule of Civil Procedure 22. (ECF No. 36). The motion listed nineteen defendants. (*Id.*). Four defendants filed responses: Southwest Airlines Co. ("Southwest") (ECF No. 37), Align Chiropractic ("Align") (ECF No. 38), Medical Funding Resources ("MFR") (ECF No. 39), and Anthem Chiropractic ("Anthem") (ECF No. 40). Plaintiff filed replies to each defendant. (ECF Nos. 41–44).

Due to their failure to respond to the interpleader plaintiff's motion, plaintiff also moves to dismiss defendants Select Physical Therapy, Las Vegas Radiology, American Medical Response, Radiology Associates, and St. Rose Dominican – San Martin Campus from the interpleader. (ECF No. 53).

As an initial matter, defendants who did not respond to the interpleader motion consented to dismissal by default. *See* D. Nev. R. 7-2(d) ("The failure of the opposing party to file points and authorities in response to any motion shall constitute a consent to granting the same.") Thus, Select Physical Therapy, Las Vegas Radiology, American Medical Response, Radiology Associates, and St. Rose Dominican – San Martin Campus are dismissed.

**James C. Mahan**
**U.S. District Judge**

The remainder of this order discusses the allocation of funds amongst the remaining defendants pursuant to FRCP 22.

**I.     Background**

This is a dispute over competing interests in a liability benefits settlement fund. Cynthia Harris was involved in an automobile accident. (ECF No. 36). The collision resulted in series of injuries requiring health benefits be provided by her personal insurer, Southwest Airlines. (*Id.*). She also accumulated extensive medical bills from parties including Align Chiropractic, Anthem Chiropractic, and Medical Funding Resources ("MFR"). (*Id.*).

Thereafter, Harris obtained interpleader plaintiff G. Dallas Horton and Associates ("plaintiff") as counsel, on contingency basis. With assistance of counsel, Harris obtained a $35,000 settlement. Of the $35,000, $15,000 was paid out of a self-funded employee welfare plan from Southwest Airlines through National General. (ECF No. 1 at 2). The remaining $20,000 was paid out of the other party's collision insurance from GEICO. (*Id.*)

This matter is before the court because Harris allegedly refused to permit the interpleader plaintiff to pay Lincoln Financial any portion of its interest on the settlement. (ECF No. 36). However, since that time, Lincoln Financial has relinquished its interest in the settlement. (ECF No. 52-7). Absent knowledge of Lincoln Financial's relinquishment of its interest, interpleader plaintiff moved for $13,285.91 in attorney's fees. (ECF No. 36).

**II.    Legal Standard**

FRCP 22 states that "persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." FED. R. CIV . P. 22. "The availability of attorney's fees for interpleader plaintiffs recognizes that by bringing the action, the plaintiff benefits all parties by promoting early litigation on the ownership of the fund, thus preventing dissipation." *Trustees of the Directors Guild of Am. v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000).  "Courts generally have discretion to award attorney's fees to a disinterested stakeholder in an interpleader action." *Wells Fargo Bank, Nat. Ass'n v. PACCAR Fin. Corp.*, No. 1:08-CV-00904-AWI-SMS, 2009 WL 211386, at *2 (E.D. Cal. 2009); *see also Abex Corp. v. Ski's Enters., Inc.*, 748 F.2d 513, 516 (9th Cir. 1984).

James C. Mahan
U.S. District Judge

- 2 -

"The burden of establishing entitlement to an attorneys' fees award lies solely with the claimant." *Tise*, 234 F.3d at 427; *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (U.S. 1983). The Ninth Circuit has explained that fee awards in interpleader actions are "typically modest" because "there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Tise*, 234 F.3d at 426–27; *Allianz Life Ins. v. Agorio, No.*, C 11-04404 LB, 2012 WL 440722, at *5 (N.D.Cal. Feb.10, 2012).

### III. Discussion

Interpleader plaintiff argues it is entitled to a priority lien over defendants and thus should be awarded attorney's fees pursuant to his agreement with Harris. (ECF No. 36). It states that the correct fee owed is 33 and 1/3 percent of the $20,000 GEICO settlement, 40 percent of the National General $15,000 settlement, and $619.25 in costs, totaling $13,285.91.

Defendant Southwest Airlines argues that the plan's reimbursement provision provides that the plan has a first priority lien over plaintiff's attorney's fees. (*Id*). Given that the Employee Retirement Income Security Act ("ERISA") governs Southwest's plan, defendant Southwest argues the plan supersedes attorney's fees. (ECF No. 37). Plaintiff concedes Southwest has a first priority lien, but argues it is entitled to attorney's fees before defendants Align, MFR, and Anthem. (ECF No. 41). Accordingly, consistent with ERISA, Southwest's repayment plan is entitled to full-reimbursement from settlement proceeds. (ECF No. 41). Therefore, Southwest Airlines will receive $9,124.56 of the settlement from Harris' car accident.

The court now turns to distributing the remaining fees. In total, there is $25,875.44 remaining. There are three questions that need to be answered: (1) what is the appropriate contingency fee percentage owed to plaintiff; (2) who has priority in fee recovery from the remaining settlement; and (3) how should the remaining funds, if any, be split.

Defendants Align, MFR, and Anthem argue that plaintiff is only entitled 33 and 1/3 percent of Harris's settlement, which entitles plaintiff to $12,285.91, not $13,285.91. (ECF Nos. 38, 39). Defendants Align, MFR, and Anthem also request the remaining settlement fund be distributed pro-rata to defendants. (*Id.*). Such a distribution, they argue, would entitle defendant Align to $7,421.60 and MFR to $1,650.00. (*Id*).

**James C. Mahan**
**U.S. District Judge**

- 3 -

Plaintiff responds it is entitled to 40 percent of fees from the National General settlement because the present action is either litigation or arbitration, which entitles it to 40 percent under its fee agreement (ECF No. 42). Plaintiff does not provide argument on further distribution of funds. (ECF No. 41).

(1) *Appropriate contingency*

According to the attorney retainer agreement between Harris and plaintiff, the attorney shall be paid "thirty three and one-third percent (33 1/3%) of any money recovered before a lawsuit, demand for arbitration, demand of mediation, or notice of appearance for an administrative hearing is filed or received, and forty percent (40%) of any money received after such event." (ECF No. 36-1).

In order to recover 40 percent of the remaining money, plaintiff must show the money is received after a lawsuit, demand for arbitration or mediation, or notice of appearance for administrative hearings is filed. (*Id.*). There is no indication of arbitration, mediation, or involvement of an administrative hearing. The only relevant issue is whether the money at issue in this interpleader action constitutes "money recovered before [or after] a lawsuit. . . . . [was] filed." (ECF No. 36-1).

The court first turns to the wording of the contract. "Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. Whenever possible, the plain language of the contract should be considered first." *Flores v Am. Seafoods Co.,* 335 F.3d 904, 910 (9th Cir. 2003).

The contract indicates the attorney is entitled one-third of any money recovered before a lawsuit, demand for arbitration, demand of mediation, or notice of appearance. (ECF No. 36-1). The interpleader plaintiff itself indicates that Harris was tendered $15,000 from GEICO and $20,000 from National General on February 17 and 18, 2015, respectively. (ECF No. 36 at 3). This current lawsuit was initiated July 24, 2015; therefore, the money was recovered before the current lawsuit was initiated. Under a plain-face reading, the interpleader plaintiff is entitled only to one-third of the settlement, which is $11,666.66 plus $619.25 in attorney costs, totaling $12,285.91. The question remains who has priority of the available settlement.

James C. Mahan
U.S. District Judge

- 4 -

(2) *Priority interests*

Attorney liens enjoy priority over those from medical providers. *See Michel v. Eighth Judicial Dist. Court ex Rel. County of Clark*. 117 Nev. 145, 153 (2001). An attorney lien, however, is only enforceable when it is attached and perfected pursuant to statute. *See Leventhal v. Black & LoBello*, 129 Nev., Adv. Op. 50, 305 P.3d 907, 911 (2013). According to N.R.S. § 18.015(3), an attorney perfects its lien "by serving notice in writing, in person or by certified mail, return receipt requested, upon his or her client and, if applicable, upon the party against whom the client has a cause of action, claiming the lien and stating the amount of the lien." NEV. REV. STAT. § 18.015(3).

"Attorney's liens in Nevada are creatures of statute. As such, the notice requirements of the statute must be met before the lien may be deemed properly perfected. To find otherwise, would effectively eliminate the specifically enumerated avenues of notice that are set forth in the statute." *Schlang v. Key Airlines, Inc.*, 158 F.R.D. 666, 696 (1994). "NRS 18.015(4) requires that such notice be served before any funds are received." *Golightly & Vannah, PLLC v. TJ Allen, LLC*, 2016 WL 3090932 *3 (Nev. 2016). For attorneys working on a contingency basis, the notice of the lien must disclose an attorney's agreed-upon contingency percentage and claimed court costs advanced by the attorney. *Id.*

Here, the statutory lien has been perfected based on interactions between plaintiff and defendant. The signed contingency agreement specifies the agreed-upon contingency fee and describes the current lawsuit. (ECF No. 36-1). As such, the lien has been perfected. Being that the interpleader plaintiff has priority, it is entitled to $12,285.91 before the other interpleaded parties. The last question is how to distribute the remaining $13,589.66,

(3) *Distribution of remaining funds*

Defendants' claim the following interests: Align claims an interest of $7,424.10; MFR claims an interest of $1,650; and Anthem claims an interest of $2,045.85. (ECF Nos. 38, 39). Given that there is $13,589.66 remaining, and the combined remaining interests total $11,120.55, all remaining interests are ordered to be paid out of the remaining settlement. For clarification, pro-rata distribution is not necessary because the settlement contains sufficient funds to fulfill each party's interest.

**James C. Mahan**
**U.S. District Judge**

- 5 -

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that interpleader plaintiff G. Dallas Horton & Associates motion to distribute funds pursuant to FRCP 22 (ECF No 36) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that the interpleader plaintiff G. Dallas Horton & Associates is entitled $12,285.91, defendant Southwest Airlines is entitled $9,124.56, defendant Align Chiropractic is entitled $7,424.10, defendant Medical Funding Resources is entitled $1,650, and defendant Anthem Chiropractic is entitled $2,045.85. Interpleader plaintiff G. Dallas Horton & Associates shall distribute funds accordingly.

IT IS FURTHER ORDERED that the interpleader plaintiff G. Dallas Horton & Associates' motion to dismiss defendants Select Physical Therapy, Las Vegas Radiology, American Medical Response, Radiology Associates, and St. Rose Dominican – San Martin Campus (ECF No. 53) be and the same hereby GRANTED.

DATED July 28, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**